# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MICHAEL FOLEY,

        Plaintiff,

vs.

SYLVIA TEUTON, *et al.*,

        Defendants.

2:17-cv-01024-JCM-VCF

**ORDER**

    Before the Court is Plaintiff's Request for Service of Process by the U.S. Marshal and/or for an Extension to Serve by Publication (ECF No. 21).

    On April 10, 2017, Plaintiff filed a Complaint and paid a filing fee of $400. (ECF No. 1). Summons were issued to all the listed defendants, including Defendants Steven Grierson and Sheriff Joseph Lombardo. (ECF No. 3). On August 24, 2017, the Court granted Plaintiff's motion for an extension to serve defendants. (ECF No. 7). Plaintiff had up to, and, including October 25, 2017, for service of the Complaint and Summons on all defendants.

    On October 5, 2017, Plaintiff filed the instant motion seeking (1) an extension to serve, (2) service by publication, and (3) an order from the court for the U.S. Marshal to serve Defendants Grierson and Sheriff Lombardo. (ECF No. 21). Plaintiff states that the Constable's office refused to serve Defendants Grierson and Sheriff Joseph Lombardo and such, requests the court to enter an order for the U.S. Marshal to serve the two defendants. *Id.* Contrary to Plaintiff's misstated facts on service, Plaintiff's exhibit 1 shows that the Constable's office tried to serve Defendant Grierson but the receptionist at Grierson's office refused service. *Id.* at 4. In Exhibit 2, Plaintiff had attached a copy of the tracking receipt of mail that

was addressed to Sheriff Joseph Lombardo and received by Levi M. Perkins, dated September 26, 2017. *Id.* at 8. There is no affidavit from the Constable's office regarding service on Sheriff Lombardo.

**Service by U.S. Marshal**

Under Federal Rules of Civil Procedure 4(c)(1), the Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service. The summons and complaint can be served by any person who is at least 18 years old and not a party. *See* Fed. R. Civ. R. 4(c)(2). Pursuant to Fed. R. Civ. P. 4(c)(3), at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Here, the Court will not order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court since Plaintiff is not proceeding *in forma pauperis* or a seaman under 28 U.S.C. § 1916. (ECF No. 1).

**Service By Publication**

Pursuant to Fed. R. Civ. P. 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

Here, due diligence has not been met by the Plaintiff. The court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), service by publication is not warranted.

**Extension For Service**

Fed. R. Civ. P. 4(m) requires a defendant to be served within 90 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within that time-frame], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Court has previously extended the time to serve until October 25, 2017. (ECF No. 7).

In Plaintiff's motion, he misstated facts regarding service of Defendants Grierson and Sheriff Lombardo. (ECF No. 21). However, given that Plaintiff is *pro se,* and he has demonstrated that he tried to serve Defendants Grierson and Sheriff Lombardo, the court will extend the 4(m) deadline, up to and including January 5, 2018. *See* Fed. R. Civ. P. 4(m).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Request for Service of Process by the U.S. Marshal and/or for an Extension to Serve by Publication (ECF No. 21) is GRANTED in part and DENIED in part as stated above.

DATED this 2nd day of November, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE