**James C. Mahan
U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL FOLEY, | Case No. 2:17-CV-1024 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SYLVIA TEUTON, et al., | |
| Defendant(s). | |

Presently before the court is defendant Sylvia Teuton's motion to dismiss.[1] (ECF No. 10). Plaintiff Michael Foley filed a response (ECF No. 22), to which Teuton replied (ECF No. 27).

Also before the court is defendants Kenneth Bourne and James Harris's motion to dismiss. (ECF No. 19).[2] Plaintiff has not filed a response, and the time for doing so has since passed.

Also before the court is defendants Clark County and Steven Wolfson's motion to dismiss.[3] (ECF No. 24). Plaintiff filed a response (ECF No. 37), to which Clark County and Wolfson replied (ECF No. 39).

Also before the court is defendant Steven Grierson's motion to dismiss. (ECF No. 30). Plaintiff filed a response. (ECF No. 34). Defendant has not filed a reply, and the time for doing so has since passed.

Also before the court is defendant Joseph Lombardo's motion to dismiss. (ECF No. 45). Plaintiff filed two responses, (ECF Nos. 49, 51), to which Lombardo replied (ECF Nos. 50, 52).

---

[1] Defendant Joseph Lombardo joined this motion. (ECF No. 42).

[2] Defendant Joseph Lombardo joined this motion. (ECF No. 43).

[3] Defendant Joseph Lombardo joined this motion. (ECF No. 44).

Also before the court are two motions for entry of clerk's default. (ECF Nos. 14, 15).

I.  **Facts**

The instant dispute arises out of plaintiff's failure to pay child support and a resulting civil contempt bench warrant executed by defendants.

On April 9, 2015, defendants Harris and Bourne contacted plaintiff by telephone, pretending to be interested in buying a car that plaintiff was selling. (ECF No. 1). Plaintiff agreed to meet defendants. *Id.* At the meeting, defendants handcuffed plaintiff and demanded that he pay an outstanding child support obligation to Patricia Foley. *Id.* Plaintiff claimed that he did not have the money. *Id.* Therefore, Harris and Bourne transported plaintiff to the Clark County Detention Center ("CCDC"). *Id.*

On April 13, 2015, plaintiff appeared in front of hearing master Teuton. *Id.* Plaintiff alleges that Teuton ordered plaintiff to serve 25 days of confinement for failure to pay court ordered child support. *Id.*

Plaintiff's *pro se* civil rights complaint contains three causes of action: (1) "The right to be free from arrest and to freedom from bodily restraint and guaranteed by the 4th and 14th amendments, as well as Article I, Section 14 of the Nevada Constitution, and NRS 22.140;" (2) "The right to be free from false imprisonment and false judicial process, as well as the right to an attorney in a de facto criminal action that is falsely labeled as a 'civil action,' but in reality is a kangaroo court designed to falsely imprison;" and (3) "The right to be free from injury, threats, intimidation and oppression by the government: 18 U.S.C. 241, and the freedom to enjoy the rights and privileges secured by the Constitutions of the State of Nevada, the Bill of Rights and other laws." *Id.*

II.  **Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. .

. . .

**James C. Mahan**
**U.S. District Judge**

**III. Discussion**

*a. Teuton's motion to dismiss*

Teuton argues that plaintiff's complaint should be dismissed because (1) the Eleventh Amendment bars plaintiff's official capacity causes of action; (2) quasi-judicial immunity protects Teuton for her acts as a hearing master; (3) "qualified immunity protects [Teuton] from civil liability because ordering confinement for unpaid child support services does not violate clearly established law;" (4) qualified immunity applies as there is no Sixth Amendment right to counsel in civil enforcement proceedings; (5) plaintiff's argument regarding debtors prison does not govern a hearing master's power to enforce child support; and (6) plaintiff was not falsely imprisoned, as he admits that he did not pay child support.[4] (ECF No. 10).

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Butz v. Economou*, 438 U.S. 478 (1978). This absolute immunity extends to claims arising under 42 U.S.C. § 1983. *Forrester v. White*, 484 U.S. 219, 224 (1988). The Supreme Court of Nevada has adopted this rule for all persons "who are an integral part of the judicial process." *Duff v. Lewis*, 114 Nev. 564, 568, 958 P.2d 82, 85 (1998).

Here, defendant Teuton is a hearing master who presides over cases to establish and enforce child support payments. (ECF No. 27). She "takes testimony, makes findings of fact, conclusions of law, and issues recommendations for enforcement of court orders." *Id.*

Plaintiff's sole legal argument against dismissal is that Teuton is not entitled to quasi-judicial immunity because she is not a district court judge. This is a distinction without a difference, as hearing masters in child support cases perform acts that are integral to the judicial process. Further, Teuton's order amounted to enforcement of a child support obligation that

---

[4] Plaintiff's response failed to address three of Teuton's arguments in favor of dismissal (Eleventh Amendment; Sixth Amendment; and state law false imprisonment arguments). Pursuant to Local Rule 7-2(d), a failure to file points and authorities in response to a motion to dismiss constitutes a consent to granting of the motion. However, as plaintiff is a *pro se* litigant, and defendant's motion presents otherwise meritorious grounds for dismissal, the court will consider the merits of Teuton's motion.

plaintiff does not dispute was outstanding at the time of the hearing. Therefore, Teuton is protected by quasi-judicial immunity. *See Duff*, 114 Nev. at 568.

As the court holds that defendant Teuton's actions are immune from suit on the basis of quasi-judicial immunity, the court need not address defendant's alternative arguments for dismissal.

### b. Bourne and Harris's motion to dismiss

Defendants Bourne and Harris filed a motion to dismiss, arguing *inter alia* that plaintiff fails to state a cognizable § 1983 claim because neither Harris nor Bourne deprived defendant of any rights secured by the Constitution or federal law. (ECF No. 19).

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52. In *Ghazali*, defendants filed a motion to dismiss. *Id.* at 53. Plaintiff, who represented himself *pro se*, failed to oppose defendant's motion. *Id.* at 54. The court granted defendant's motion based on plaintiff's failure to file an opposition. *Id.* at 53. The Ninth Circuit upheld the decision of the district court. *Id.* at 54. "[P]ro se litigants are bound by the rules of procedure. [Plaintiff] did not follow them, and his case was properly dismissed." *Id.*

"Before dismissing an action [for failure to follow local rules], the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, plaintiff's failure to file a response to Bourne and Harris's motion constitutes consent to granting the motion. LR 7-2(d). Further, the *Ghazali* factors favor dismissal. Defendants Bourne and Harris acted in their capacity as investigators for the family support division of the Clark County District Attorney's office when they arrested plaintiff for an outstanding civil contempt bench warrant. Thereafter, plaintiff was afforded a hearing regarding his failure to pay

child support. Therefore, as plaintiff's complaint does not state a colorable claim for relief against defendants Bourne and Harris, dismissal is proper.

    *c. Clark County and Wolfson's motion to dismiss*

        *i.    Plaintiff's claims against Wolfson*

The Ninth Circuit has recognized that enforcement of child support orders by a district attorney is an integral part of the judicial process and is a quasi-judicial function, thereby warranting the protection of absolute prosecutorial immunity. *Meyers v. Contra Costa County Dept. of Soc. Servs.,* 812 F.2d 1154, 1156-59 (9th Cir. 1987), *cert. denied*, 484 U.S. 829, 108 S.Ct. 98 (1987). The Ninth Circuit has also held that quasi-judicial immunity protects persons carrying out state court orders from liability in civil rights actions. *Coverdell v. Dep't of Soc. And Health Servs.,* 834 F.2d 758, 764 (9th Cir. 1987).

Here, plaintiff complains of actions taken against him after a magistrate issued a civil contempt warrant because he failed to appear at a hearing regarding a child support obligation. Defendant Wolfson's actions, taken through attorneys and staff in his office, in an attempt to collect child support owed by plaintiff, are part of the judicial process. *See Meyers*, 812 F.2d at 1156-59. Defendant Wolfson is entitled to absolute prosecutorial immunity for such actions. *See id.* Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted against Wolfson.[5] *See Twombly*, 550 U.S. at 570.

        *ii.    Plaintiff's claims against Clark County*

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 691 (1978). Here, plaintiff's theory of liability as to Clark County is that it "employs and pays most of these defendants and provides them material support knowing they will violate the Plaintiff's civil rights." (ECF No. 1). As this theory of liability rests on the applicability of respodeat superior, and Clark County cannot be held liable based on respodeat superior, plaintiff's complaint fails to state a claim upon which relief can be granted against Clark County. *See Monell*, 43 U.S. at 691.

---

[5] Further, plaintiff has not made any allegations that Wolfson was acting outside the course and scope of his duties as Clark County district attorney. Therefore, plaintiff's complaint fails to state a claim against Wolfson in his individual capacity.

### d. *Grierson's motion to dismiss*

Defendant Grierson asserts, *inter alia*, that plaintiff's complaint fails to state a claim upon which relief can be granted against Grierson because the complaint does not allege that he personally participated in or directed any of the alleged violations related to plaintiff's civil contempt proceedings. (ECF No. 30).

A supervisor is not liable under § 1983 for a subordinate's constitutional violations unless "the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Here, plaintiff premises Grierson's liability on his role as court administrator, and the complaint does not make any allegation that Grierson participated in or directed unlawful conduct. Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted against Grierson. *See Maxwell*, 708 F.3d at 1086.

### e. *Lombardo's motion to dismiss*

Defendant Lombardo filed a motion to dismiss, arguing that plaintiff's complaint fails to state a claim upon which relief can be granted.[6] (ECF No. 45). Lombardo argues, *inter alia*, that plaintiff has not adequately pleaded allegations of the deprivation of any right guaranteed by the Constitution or a federal statute. *Id.*

The first inquiry in any § 1983 suit is whether a plaintiff has been deprived of a right secured by the Constitution or created by federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."). Once a jailer is presented with an arrestee by an arresting agency, the jailer has no independent duty to investigate the sufficiency of the underlying arrest and whether probable cause existed at the time. *See Rivera v. County of Los Angeles*, 745 F.3d 384

---

[6] Counsel also filed the motion on behalf of the Las Vegas Metropolitan Police Department ("LVMPD"). (ECF No. 45). Counsel filed a certificate of interested parties, stating that the LVMPD has an interest in the outcome of this case. However, as the LVMPD is not a party to this lawsuit, the court will not consider arguments raised by or related to the LVMPD.

(citing *Lumberman Mut. Cas. Co. v. Rhodes*, 403 F.2d 2, 7 (10th Cir. 1968)). Rather, the jailhouse is charged with having to safekeep the arrestee and to present him or her before a judge for a prompt judicial determination of probable cause. *See id.; see also Baker*, 443 U.S. at 145. A jailer, unlike a prosecutor, arresting officer, or judge, does not "wield the authority to secure a suspect's release." *Tatum v. Moody*, 768 F.3d 806, 818 (9th Cir. 2014).

Plaintiff's theory of liability as to Lombardo is mainly premised on the concept of respondeat superior. As the court has explained above, respondeat superior is not a cognizable theory of liability in the § 1983 context. *See Maxwell*, 708 F.3d at 1086.

In addition to his respondeat superior allegations, plaintiff claims Lombardo ignored a letter from plaintiff which "insisted" Lombardo follow NRS 22.140 and his "deliberate indifference" to this letter amounted to a constitutional violation. Plaintiff asserts that NRS 22.140 "forbids" Lombardo from holding him in jail on a civil bench warrant. (ECF No. 49 at 3.) However, the statute contains an exception: an officer "shall not confine a person arrested upon the warrant in a prison . . . except so far as may be necessary to secure his or personal attendance." Nev. Rev. Stat. § 22.140. The exception applies here, as LVMPD held plaintiff in jail pending the civil contempt hearing. Because the detention here did not violate NRS 22.140, Lombardo was not "deliberately indifferent" to the demands in plaintiff's letter.

Finally, Lombardo notes that, apart from the letter exchange detailed above, plaintiff's complaint does not allege that defendant Lombardo personally participated in any of the conduct surrounding defendant's arrest or detention. Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted against Lombardo. *See Maxwell*, 708 F.3d at 1086; Nev. Rev. Stat. § 22.140.

*f. Plaintiff's motions for entry of clerk's default*

As the court holds that plaintiff's complaint fails to state a claim upon which relief can be granted against defendants Bourne and Harris, the court will deny plaintiff's motions for entry of clerk's default as to Bourne and Harris.

. . .

. . .

James C. Mahan
U.S. District Judge

- 8 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Teuton's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Bourne and Harris's motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Clark County and Wolfson's motion to dismiss (ECF No. 24) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Grierson's motion to dismiss (ECF No. 30) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Lombardo's motion to dismiss (ECF No. 45) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default as to Kenneth Bourne (ECF No. 14) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default as to James Harris (ECF No. 15) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's claims against all defendants (except Patricia Foley and the Clark County Detention Center[7]) be, and the same hereby are, DISMISSED.

DATED June 21, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[7] Although defendant Lombardo's motion to dismiss references LVMPD's role as operator of the Clark County Detention Center ("CCDC"), no counsel has entered an appearance on behalf of CCDC or filed any documents in this litigation on its behalf.

**James C. Mahan**
**U.S. District Judge**

- 9 -